# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SHAN CHELEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV421-363 |
| | ) | |
| WARDEN PHIL HALL, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Shan Cheley filed a 28 U.S.C. § 2254 petition alleging various defects in his 2013 conviction in Chatham County. *See generally* doc. 1. Respondent answered the Petition and "urge[d] the Court to deny relief." Doc. 12-1 at 3. In its Order directing Respondent to respond, the Court also ordered Cheley "to file his reply to the Respondent's answer or other pleading no later than 60 days from the date that answer or other pleading is served." Doc. 7 at 3. His reply was, therefore, due no later than May 16, 2022.[1] *See* doc. 14. Despite the

---

[1] Respondent's Answer was served on March 15, 2022. *See* doc. 12 at 8 (Certificate of Service). The record of the proceedings in state court in support of the answer was not filed until March 17, 2022. *See* doc. 14 at 4. The Court assumes, without deciding,

passage of more than seven months since his reply was due, Cheley has not responded. *See generally* docket. His Petition should, therefore, be **DISMISSED** for failure to prosecute. Fed. R. Civ. P. 41(b).

    This Court has the authority to prune cases from its dockets where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992); *see also, e.g., Allen v. Tatum*, 2014 WL 5308010, at *1 (S.D. Ga. Sept. 22, 2014), *adopted* CV414-169, doc. 12 (S.D. Ga. Oct. 2, 2014) (dismissing § 2254 petition, pursuant to Rule 41(b), for failure to prosecute). Cheley's failure to respond to the Respondent's arguments constitute failure to prosecute and failure to obey the Court's Order. *See, e.g., Bernal v. Barr*, 2020 WL 8673611, at *2 (D. Ariz. July 24, 2020) (dismissing § 2254 petition, pursuant to Rule 41(b), where petitioner failed to file a reply to respondent's answer).

---

that the later date on which the record was served triggered Cheley's obligation to respond.

Petitioner's case should therefore be **DISMISSED** without prejudice for failing to prosecute his case and obey the Court's Order.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 11th day of January, 2023.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

4